PER CURIAM.
By this appeal the City of North Miami seeks reversal of a post decretal order whereby the chancellor found that a certain ordinance was not sufficient compliance with a final decree. The appellee, Amos Benjamin, is the owner of a lot in the City of North Miami. He obtained in the circuit court relief from a zoning ordinance which was found to be so unreasonable and arbitrary as to be unconstitutional. By the final decree the defendant City of North Miami was directed to zone plaintiff’s property “to a use for which it is reasonably adapted”. The defendant city, although slow to respond, eventually passed at first *754 reading a proposed ordinance purporting to satisfy the directions in the decree. It was this ordinance which the post decretal order now under appeal found to be unsatisfactory and an improper response to the court’s direction.
The burden of establishing error is always upon the appellant. In this case the existence of error has not been demonstrated. There was no appeal from the final decree and we will not therefore go beyond that decree. The arguments before us demonstrated that the real matter of contention between the property owner and the city is the matter of setback restrictions applied to the lot. At the time of the filing of this suit, plaintiff’s lot, which is approximately SO feet deep and 250 feet long, was subject to a 25-foot setback along the front 250 feet and a 20-foot setback along the rear, leaving a strip 5 feet wide subject to development. The chancellor found that under the facts of the case the application of the ordinance did amount to an unconstitutional deprivation of property.
As recognized by the chancellor in the final decree the determination of a reasonable setback under a given set of conditions is initially for the municipality involved. When that municipality has failed to respond to this duty the court may properly instruct the city council to enact an ordinance doing so. In the instant case the ordinance proposed by the city and passed at the first reading was clearly insufficient as a matter of law to meet the requirement of the decree. The court, therefore, did not commit error in rejecting the proposed ordinance on a summary proceeding. It can readily be seen that ordinarily such a determination is a mixed question of law and fact and should be made by the chancellor after the delineation of the issues of fact by appropriate allegations and answer. Upon the return of this case to the trial court, if the city shall make a bona fide attempt to satisfy the directive of the final decree, it will be incumbent upon the plaintiff, property owner, to allege in what manner and to what extent the action of the city fails to meet the mandate of the chancellor’s order. If this is done the issues of fact may be drawn and the exercise of the chancellor’s discretion may be both guided and tested.
As above pointed out, we have in this case determined that error was not shown, inasmuch as the ordinance of the City of North Miami was clearly an inadequate response to the final decree.
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.